UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHELLE (SQUIRES) COTTER,
individually, and as Next Friend of
B.K., a Minor,

       Plaintiff,

v.

UNITED STATES OF AMERICA;
DERRICK T. BRITT, M.D.; BATTLE
CREEK HEALTH SYSTEM, *d/b/a
Select Specialty Hospital, d/b/a
Fieldstone Center*,

       Defendants.
_____/

File No. 1:06-CV-382

HON. ROBERT HOLMES BELL

# O P I N I O N

This medical malpractice action is currently before the Court on the government's motion to set aside default and to dismiss Plaintiff's claims. For the reasons that follow the motion will be granted.

## I.

Plaintiff Michelle Cotter filed this medical malpractice action in the Calhoun County Circuit Court on December 27, 2004, against Dr. Derrick T. Britt, Family Health Center of Battle Creek ("FHC"), and the Battle Creek Health System. The complaint alleges negligent medical care and treatment concerning the prenatal care and childbirth of Plaintiff Brittany Kendall from August 1994 through March 1995.

Although an appearance was entered and an answer was filed on behalf of the FHC on March 14, 2005, the appearance and answer were withdrawn on September 29, 2005. Nothing more was filed on behalf of the FHC.  On April 12, 2006, a default was entered against the FHC.

On June 2, 2006, the government filed a notice of removal pursuant to 42 U.S.C. § 233(c)[1]  and 28 U.S.C. § 2679(d)(2),[2] together with a certification that the FHC was

---

[1]This provision of the Federally Supported Health Centers Assistance Act of 1992 provides in pertinent part:

> Upon a certification by the Attorney General that the defendant was acting in the scope of his employment at the time of the incident out of which the suit arose, any such civil action or proceeding commenced in a State court shall be removed without bond at any time before trial by the Attorney General to the district court of the United States of the district and division embracing the place wherein it is pending and the proceeding deemed a tort action brought against the United States under the provisions of Title 28 and all references thereto.

42 U.S.C. § 233(c).

[2]This provision of the Federal Tort Claims Act provides:

> (2) Upon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose, any civil action or proceeding commenced upon such claim in a State court shall be removed without bond at any time before trial by the Attorney General to the district court of the United States for the district and division embracing the place in which the action or proceeding is pending.  Such action or proceeding shall be deemed to be an action or proceeding brought against the United States under the provisions of this title and all references thereto, and the United States shall be substituted as the party defendant.  This certification of the Attorney General shall conclusively establish scope of office or employment for purposes of removal.

deemed an employee of the United States Public Health Service and was acting within the scope of its employment at the time of the incident giving rise to this suit. Upon filing the certification the United States of America was automatically substituted as the party defendant in this action. 28 U.S.C. § 2679(d)(1).[3] Once the United States was substituted in for the FHC, Plaintiff's exclusive remedy for the wrongs asserted in her complaint against the FHC was limited to claims against the United States under the Federal Tort Claims Act, ("FTCA"), 28 U.S.C. §§ 2671 *et seq*. *See Henson v. NASA*, 14 F.3d 1143, 1147 (6th Cir. 1994).[4]

---

28 U.S.C. § 2679(d)(2).

[3]This provision of the Federal Tort Claims Act provides:

(d)(1) Upon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose, any civil action or proceeding commenced upon such claim in a United States district court shall be deemed an action against the United States under the provisions of this title and all references thereto, and the United States shall be substituted as the party defendant.

28 U.S.C. § 2679(d)(1).

[4]The Federal Tort Claims Act provides the exclusive remedy for tort claims against the United States:

The remedy against the United States provided by [§ 2672 of the FTCA] for injury or loss of property, or personal injury or death arising or resulting from the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment is **exclusive of any other civil action** or proceeding for money damages by reason of the same subject matter against the employee whose act or omission gave rise to the claim . . . . **Any other civil action** or proceeding for money damages arising

## II.

The government has moved to set aside the default entered against the FHC. Whenever any action is removed from a state court to a federal district court, any orders prior to removal remain in full force and effect until dissolved or modified by the district court. 28 U.S.C. § 1450. "When a case is removed the federal court takes it as though everything done in the state court had in fact been done in the federal court." *Munsey v. Testworth Labs.*, 227 F.2d 902, 903 (6th Cir. 1955) (quoting *Savell v. S. Ry. Co.*, 93 F.2d 377, 379 (5th Cir. 1937)). If the order entered in the state court was subject to being set aside in the state court, it is "subject to the same hazard in the federal court after removal." *Id.* (citing 28 U.S.C. § 1450).

The government contends that the default should be set aside as void because the state court lacked subject matter jurisdiction over the claim against the FHC. The government contends that because it filed a certification that the FHC was a federal employee, the FTCA was the exclusive remedy for tort claims against it, and the federal courts have exclusive jurisdiction over FTCA claims. *See* 28 U.S.C. § 2679(b)(1).

At the time the state court entered its judgment there was nothing in the record to suggest that the FHC was a federal employee. The Court is reluctant to hold that the state

---

out of or relating to the same subject matter against the employee . . . **is precluded** without regard to when the act or omission occurred.

28 U.S.C. § 2679(b)(1) (emphasis added).

court lacked subject matter jurisdiction based upon a later filed certification that the FHC was a federal employee. A similar argument was raised by the government in *Zolman v. United States*, 170 F. Supp. 2d 746 , 752 (W.D. Mich. 2001). In *Zolman* the district court approved the Magistrate Judge's recommendation that two federal employees be granted relief from a state court default judgment pursuant to Rule 60(b)(1) for "mistake, inadvertence, surprise, or excusable neglect." The Magistrate Judge declined to reach the government's principle argument under Rule 60(b)(4) that the state court judgment was void because a federal court action is the exclusive remedy under the Federal Tort Claims Act. *Id.* at 751. The Magistrate Judge noted that the certification that the individuals were federal employees was not filed until after the entry of judgment and that to sustain the government's contention that the judgment was void, the court would be required to give retroactive effect to the certification. *Id.* The Magistrate Judge noted that "[i]t is not likely that the Sixth Circuit or the Supreme Court would find that the state-court judgment, entered against two individuals, was void *ab initio* because the defendant was really the United States of America all along." *Id.*

     For the same reasons, the Court declines to adopt the government's lack of subject matter jurisdiction argument in this case. The argument is novel, the government has provided no authority for the retroactive application of the certification, and, in any event, adoption of the argument is not necessary to the success of the government's motion.

The Court is satisfied that the entry of default should be set aside pursuant to Rule 55(c). A default may be set aside "for good cause shown." FED. R. CIV. P. 55(c). In determining whether good cause has been shown, the Court considers three equitable factors:

> (1) whether culpable conduct of the defendant led to the default, (2) whether the defendant has a meritorious defense, and (3) whether the plaintiff will be prejudiced.

*Burrell v. Henderson*, 434 F.3d 826, 831-32 (6th Cir. 2006) (quoting *Waifersong, Ltd. v. Classic Music Vending*, 976 F.2d 290, 292 (6th Cir. 1992)). The district court enjoys "considerable latitude" under the good cause standard to grant a defendant relief from the entry of default. *O.J. Distributing, Inc. v. Hornell Brewing Co., Inc.*, 340 F.3d 345, 353 (6th Cir. 2003) (quoting *United States v. Real Property & All Furnishings Known as Bridwell's Grocery & Video*, 195 F.3d 819, 820 (6th Cir. 1999)). Indeed, the Sixth Circuit has indicated a "strong preference for trials on the merits." *Real Property*, 195 F.3d at 820 (quoting *Shepard Claims Serv., Inc. v. William Darrah & Assoc.*, 796 F.2d 190, 193 (6th Cir. 1986)).

With respect to the first equitable factor, there is nothing to suggest that the government's failure to file a timely answer to Plaintiff's complaint was willful, in bad faith, or the result of otherwise culpable conduct on the part of the government. Counsel for the government has advised that the United States Attorney's Office received a copy of Plaintiff's complaint from the Department of Health and Human Services on or about May 15, 2006, after the default had already been entered. (Notice of Removal, ¶ 3). After unsuccessfully requesting Plaintiff to voluntarily agree to set aside the default, the government filed its

notice of removal of this action on June 2, 2006. The delay from the time the United States Attorney's office learned of the case until the removal and the motion to set aside the default was not significant.

Plaintiff suggests that culpability is evidenced by the failure of the FHC to take any action on the complaint for over seven months after it withdrew its answer. Plaintiff has not provided any evidence, however, as to when the government was notified of the action against the FHC. Absent notice to the government, the government's failure to respond on behalf of the FHC does not represent culpable conduct.

With respect to the second equitable factor, the government has presented evidence in support of its contention that it has a meritorious defense to this action. The first defense is based upon Plaintiff's failure to timely file an administrative claim as required by the FTCA as discussed in detail in Part III below. The second defense is based upon evidence that Dr. Britt was not employed by the FHC during the applicable time period. (Gov't Exhibit A).

With respect to the third equitable factor, Plaintiff has not shown that it will be prejudiced by setting aside the default. Delay in adjudicating a claim, standing alone, does not qualify as sufficient prejudice under Rule 55. *Burrell v. Henderson*, 434 F.3d 826, 835 (6th Cir. 2006) (citing *United Coin Meter Co. v. Seaboard Coastline R.R.*, 705 F.2d 839, 845 (6th Cir. 1983)). For delay to be prejudicial Plaintiff would have to show that "the delay

would result in a loss of evidence, increased opportunities for fraud, or discovery difficulties." *Id.*

Plaintiff contends that she has been prejudiced by the delay because it has prevented her from pursuing the case against the other defendants, has hurt the evidence and has made discovery extremely difficult as to the other defendants. Plaintiff's conclusory argument is not sufficient to show that the delay has resulted in a loss of evidence, or how the delay has resulted in discovery difficulties. The only specific fact in Plaintiff's argument is the seven month delay. Yet, a great portion of that delay is attributable to Plaintiff's own conduct in waiting so long before seeking a default.

In addition, no default judgment may be entered against the government "unless the claimant establishes a claim or right to relief by evidence satisfactory to the court." FED. R. CIV. P. 55(e). As discussed in part III below, Plaintiff could not, in any event, obtain a default judgment against the government. Accordingly, setting aside the default will not cause prejudice to Plaintiff.

In view of the absence of any indication that the government's delay was willful, the absence of evidence that setting aside the default would prejudice Plaintiff, the preference for resolving disputes on their merits, and the apparent validity of the government's defense, the Court finds good cause to set aside the state court's entry of default. The government's motion to set aside the default will accordingly be granted.

Plaintiff contends that if the default is set aside she should be awarded costs incurred in seeking the default, responding to the motion to set aside the default, and filing an appeal that was dismissed. This is not an appropriate case for the award of costs. The government provided Plaintiff an opportunity to avoid costs associated with the motion to set aside the default. Moreover, the only specific costs Plaintiff has documented are costs associated with Plaintiff's premature appeal of a non-final judgment. The Court will not hold the government responsible for unnecessary costs attributable to Plaintiff's own procedural error.

### III.

The government has also moved for dismissal of Plaintiff's complaint pursuant to FED. R. CIV. P. 12(b)(1) on the basis of lack of subject matter jurisdiction based upon Plaintiff's failure to exhaust administrative remedies.

Plaintiff's only response to the government's motion to dismiss is that the default should not be set aside, and that therefore the government lacks standing to refute Plaintiff's claims. (Pl. Resp. at 9). Plaintiff has not filed any response to the substance of the government's exhaustion arguments.

When a defendant moves to dismiss on grounds of lack of subject matter jurisdiction, "the plaintiff has the burden of proving jurisdiction in order to survive the motion." *Nichols v. Muskingum College*, 318 F.3d 674, 677 (6th Cir. 2003) (quoting *Moir v. Greater Cleveland Reg'l Transit Auth.*, 895 F.2d 266, 269 (6th Cir. 1990)).

9

An individual is required to exhaust administrative remedies prior to bringing a claim under the FTCA. 28 U.S.C. § 2675(a).[5]  Federal law requires that the administrative claim is "forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues . . . ."  28 U.S.C. § 2401(b).

Plaintiff has not alleged that she ever presented an administrative tort claim to the Department of Health and Human Services as required under 28 U.S.C. § 2675(a).  Because Plaintiff has failed to plead or demonstrate that she exhausted her administrative remedies as required by the FTCA, her claim under the FTCA is jurisdictionally barred.  *Fishburn v. Brown*, 125 F.3d 979, 982 (6th Cir. 1997); *Zolman*, 170 F. Supp. 2d at 749.

There is a limited exception to the exhaustion provision which provides that a claim will be deemed to have been timely presented to the administrative agency if it would have been timely had it been filed on the date of the underlying civil action.  28 U.S.C. § 2679(d)(5).[6]  Plaintiff does not meet the requirements for this exception.

---

[5]The FTCA provides that an action cannot be instituted on a claim against the United States for money damages for injury or loss caused by the negligent or wrongful act or omission of any federal employee while acting within the scope of his employment "unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency . . . "  28 U.S.C. § 2675(a).

[6]The savings provision reads as follows:

Whenever an action or proceeding in which the United States is substituted as the party defendant under this subsection is dismissed for failure first to present a claim pursuant to section 2675(a) of this title, such a claim shall be deemed to be timely presented under section 2401(b) of this title if--

"[F]ederal law controls as to when a claim accrues under the FTCA." *Chomic v. United States*, 377 F.3d 607, 610 (6th Cir. 2004) (citing *United States v. Kubrick*, 444 U.S. 111, 123 (1979)).  For purposes of the FTCA, a negligence or medical malpractice claim accrues "when a plaintiff knows of both the existence and the cause of his injury, and not at a later time when he also knows that the acts inflicting the injury may constitute negligence or medical malpractice." *Id.* (citing *Kubrick*, 444 U.S. at 121-23).

Plaintiff's allegations of malpractice concern her medical care and treatment from August 1994 through March 1995, and failures in diagnosing and treating conditions of the newborn infant.  (Compl. ¶¶ 17-18, 22).  Because the infant was born in March 1995 and the alleged injuries were obvious shortly after the infant's birth, Plaintiff's claim accrued in early 1995.  Plaintiff did not file the state court action until December 2004, well beyond the two year limitations period.  Accordingly, Plaintiff's administrative claim would not have been timely even if it had been deemed to have been filed on the date she filed her civil action.

Although Plaintiff was a minor at the time the claim accrued, and although Michigan law has a tolling provision that applies to individuals whose medical malpractice claims

---

(A) the claim would have been timely had it been filed on the date the underlying civil action was commenced, and

(B) the claim is presented to the appropriate Federal agency within 60 days after dismissal of the civil action.

28 U.S.C. § 2679(d)(5).

accrue before their eighth birthday, M.C.L. 600.5851(7), the Michigan tolling provision does not toll the running of the limitations period for purposes of the FTCA. "[T]he statute of limitations in § 2401(b) must be strictly construed, and this court may not extend it by relying on the tolling provisions of state law." *Chomic*, 377 F.3d at 615.

Moreover, the fact that Plaintiff was not aware that the FHC was a federal employee does not extend the limitations period. A cause of action under the FTCA accrues once the existence of an injury and its cause are known. "The statute of limitations under the FTCA commences to run from the date of accrual and does not wait until a plaintiff is aware that an alleged tort-feasor is a federal employee." *Gould v. U.S. Dept. of Health & Human Servs.*, 905 F.2d 738, 745 (4th Cir. 1990). "The burden is on plaintiffs to show that due diligence was exercised and that critical information, reasonable investigation notwithstanding, was undiscoverable. No evidence was offered to support the assertion that "critical facts" were undiscoverable." *Id*. at 745-46. "[H]owever harsh it may seem, the law is clear that, absent active concealment, a plaintiff's ignorance of a person's status as a federal employee does not excuse plaintiff's failure to file a timely administrative claim." *Kelly v. Total Health Care, Inc.*, 2000 WL 151280, *1 (D. Md. 2000). Plaintiff has made no allegations demonstrating that the government actively concealed the status of the FHC or that the "critical facts" regarding the status of the FHC were undiscoverable.

12

In light of Plaintiff's failure to allege or show compliance with the jurisdictional prerequisites to her FTCA claim against the government, the government's motion to dismiss will be granted and Plaintiff's claims against the United States will be dismissed.

An order consistent with this opinion will be entered.


Date:   November 8, 2006             /s/ Robert Holmes Bell
                                     ROBERT HOLMES BELL
                                     CHIEF UNITED STATES DISTRICT JUDGE